UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TEDDY SUMMERALL,

     Petitioner,

v.                                  CASE NO. 8:05-CV-373-T-27TGW

JAMES V. CROSBY, JR.,

     Respondent.

_____/

## ORDER

Before the Court is Petitioner's petition for federal habeas relief filed pursuant to 28 U.S.C. §2254 challenging a 1999 state conviction for armed burglary, armed robbery, aggravated assault, and armed kidnapping entered by the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 1). Respondent has filed a response/motion to dismiss the petition (Dkt. 9). Petitioner has filed a reply to the response (Dkt. 12). The Court finds that, for the reasons set forth below, Petitioner has failed to demonstrate that he is entitled to federal habeas relief.

### Background

Following a jury trial, on July 2, 1999, Petitioner was adjudicated guilty of armed burglary, armed robbery, aggravated assault, and armed kidnapping and was sentenced to 52 years in prison (Dkt. 10, Ex.1, Vol. II at pages 190-223). Petitioner filed a direct appeal (Dkt. 10, Ex. 1, Vol. II at page 233). On June 2, 2000, the appellate court per curiam affirmed Petitioner's conviction and sentence (Dkt. 10, Ex. 4); *See Summerall v. State*, 767 So. 2d 1218 (Fla. 2nd DCA 2000)[Table]. On July 3, 2000, the appellate court denied Petitioner's motion for rehearing (Dkt. 10, Ex. 6).

On July 11, 2002, Petitioner filed in the state circuit court a Rule 3.850 post-conviction motion

(Dkt. 10, Ex. 7). On September 19, 2002, the circuit court denied Petitioner's post-conviction motion (Dkt. 10, Ex. 8).

On March 26, 2003, the appellate court granted Petitioner's petition seeking a belated appeal of the denial of his Rule 3.850 motion (Dkt. 10, Ex. 10); *see Summerall v. State*, 860 So. 2d 423 (Fla. 2nd DCA 2003)[Table]. On September 3, 2003, the appellate court per curiam affirmed the denial of post-conviction relief (Dkt. 10, Ex. 14); *See Summerall v. State*, 856 So.2d 1002 (Fla. 2nd DCA 2003)[Table]. The appellate court issued its mandate on September 25, 2003 (Dkt. 10, Ex. 13).

Petitioner filed his federal petition for writ of habeas corpus in this Court on February 17, 2005 (Dkt. 1).[1]

## Discussion

**Timeliness Analysis**

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

---

[1]Although the Court received Petitioner's petition on February 28, 2005, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).

2244(d)(2).

Because Petitioner filed his request for federal habeas relief after the enactment date of the

AEDPA, the petition is governed by the provisions thereof. *See Webster v. Moore*, 199 F.3d 1256, 1258-

59 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000) (applying AEDPA provisions to petition filed in

1997 challenging 1989 conviction).

The latest date on which Petitioner's conviction and sentence became final for §2244(d) purposes

is October 1, 2000, ninety (90) days after July 3, 2000, the date the appellate court denied Petitioner's

motion for rehearing of its opinion affirming the conviction and sentence imposed by the trial court.

(Dkt. 10, Ex. 6). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period

did not begin to run until the 90-day window during which [the §2254 petitioner] could have petitioned

the United States Supreme Court for a writ of certiorari expired."); Sup. Ct. R. 13 ("A petition for a writ

of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort .

. . is timely when it is filed . . . within 90 days after entry of the judgment. . . . or order sought to be

reviewed, and not from the issuance date of the mandate."). *See also, Clay v. United States*, 537 U.S.

522, 525 (2003) (stating that the 90 days allowed for filing a petition for writ of certiorari begins on the

date the appellate court issues its opinion on the direct appeal, not from the date the appellate court

issues its mandate). Accordingly, Petitioner had until October 1, 2001, to file a federal habeas petition,

absent collateral state court activity. *See* § 2244(d)(2).

Petitioner did not file any collateral state court actions until July 11, 2002, when he filed his state

Rule 3.850 post-conviction motion (Dkt. 10, Ex. 7). By that time, 647 days had elapsed. Consequently,

the Rule 3.850 post-conviction motion, filed after October 1, 2001, did not toll the federal limitations

period because that period had already expired. In *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.

3

2001), *cert denied*, 534 U.S. 1144 (2002), the Eleventh Circuit reiterated its holding in *Webster*, 199

F.3d at 1259, that a state court petition that is filed following the expiration of the federal limitations

period "cannot toll that period because there is no period remaining to be tolled." *Id.*

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary

circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219

F.3d 1298, 1300 (11th Cir. 2000) (*quoting Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.

1999) (*per curiam*)).  Petitioner has failed to show that any extraordinary circumstance beyond his

control made it impossible for him to file his petition for writ of habeas corpus in a timely manner.  *See*

*Helton v. Sec. for the Dept. of Corrs.* , 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he

'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding

the late filing of the habeas petition, rather than the circumstances surrounding the underlying

conviction.").

In his memorandum in support of his petition for writ of habeas corpus, Petitioner admits that

his petition is untimely, but he claims that he is entitled to equitable tolling "due to prior counsel's staff's

failure to timely tell prior counsel of Mr. Summerall's family's calls.  Staff's failure to give calls to prior

counsel prevented Mr. Summerall from retrieving his files from prior counsel." (Dkt. 2 at pages 7-9).[2]

Notwithstanding, "periods in which a prisoner is separated from his legal papers are not 'extraordinary

circumstances' in which equitable tolling is appropriate." *See Dodd v. United States* , 365 F.3d 1273,

---

[2]The prior counsel to whom Petitioner refers is Attorney Lipinski who represented Petitioner during
the state Rule 3.850 post-conviction proceedings (Dkt. 2 at page 8; Dkt. 1 at page 4; Dkt. 10, Ex.7). As noted, *infra*, the
limitations period for filing the federal habeas petition expired well before the filing of Petitioner's Rule 3.850
motion.

1283 (11th Cir. 2006). In his reply, Petitioner appears to claim that he is entitled to equitable tolling because "the Clerk's Office never sent a copy of the order denying postconviction relief to petitioner." (Dkt. 12 at page 2). However, because Petitioner did not file his post-conviction motion until after the federal limitations period had expired, the Clerk's failure to send Petitioner a copy of the order denying the post-conviction motion does not entitle Petitioner to equitable tolling as there was no period remaining to be tolled. Petitioner fails to allege facts which show he failed to timely file his petition because of exceptional circumstances that were beyond his control and unavoidable with diligence.

## Conclusion

Having considered the parties' arguments, applicable statutes, and controlling case law, this Court finds that Petitioner's request for federal habeas relief must be denied as time-barred pursuant to 28 U.S.C. 2244(d).

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ Of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _NOVEMBER 30th_____, 2007.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to: Counsel/Parties of Record

5